LUCINDA MONELL, APPELLEE, V. H. B. IREY,
COUNTY TREASURER, ET AL., APPELLANTS.

FILED FEBRUARY 18, 1896.    No. 6074.

**Tax Deeds:** INJUNCTION TO RESTRAIN ISSUANCE: EVIDENCE.
Where the plaintiff's right to have enjoined the issuance
of a treasurer's deed depends upon his affirmatively show-
ing that the sale, pursuant to which such deed is to be
issued, was made in violation of an injunction prohibit-
ing it, there must, to entitle to the relief prayed, be evi-
dence of the very essential fact that at the time of the
tax sale such decree was in existence.

APPEAL from the district court of Douglas
county.    Heard below before HOPEWELL, J.

*Balliet & Points,* for appellants.

*Lake, Hamilton & Maxwell, contra.*

RYAN, C.

Lucinda Monell, the appellee, brought this ac-
tion in the district court of Douglas county July
13, 1892, alleging in her petition that she had been
the owner of lot 6, block 106, of the city of Omaha
for ten years before the commencement of this
action, and by virtue of her continued ownership
she prayed the relief which afterwards was
granted. As her grounds for this relief she al-
leged that on July 16, 1890, Adam Snyder, the
then treasurer of Douglas county, had offered the
said lot for sale and had made a pretended sale
thereof to the defendants Grant & Grant for an
alleged unpaid and special assessment levied and
assessed against the said premises by the said city
of Omaha in the year 1879 for curbing and gutter-

ing Douglas street, in the said city, and had deliv-
ered to said Grants a certificate of sale therefor,
and that thereupon the said Grants on the same
day had paid to the said county treasurer pur-
ported county taxes assessed against said prem-
ises unpaid and delinquent for the years 1866 and
1867, and on the 22d of July, 1890, had paid to
said county treasurer a purported city tax as-
sessed against said premises unpaid and delin-
quent for the year 1864. It was further alleged
in the petition that at the time the aforesaid pav-
ing and guttering tax was levied and assessed in
1879, Gilbert C. Monell was the owner of the afore-
said lot, and that about May 20, 1881, said Gilbert
C. Monell brought his action in the district court
of Douglas county against W. F. Heins, treasurer
of said county, to procure the said paving and gut-
tering tax to be decreed void and to have the col-
lection and enforcement of the same perpetually
enjoined, and that in February, 1886, this relief
was granted, from which it resulted that a tax
sale to Grant & Grant was utterly void and vested
said Grants with no title, claim, lien, or interest in
said lot 6, block 106, of the city of Omaha. To
defeat the right of Grant & Grant to be subro-
gated to the rights of the county with respect to
taxes by them paid after their purchase of said
lot, it was alleged that when these taxes were
assessed the lot was the property of the Second
Presbyterian Church of the city of Omaha and
was then used for church purposes. The prayer
of the petition in the case now under considera-
tion was that the county treasurer of Douglas
county be enjoined from issuing a tax deed to
Grant & Grant upon their certificate of purchase,
and that the cloud thereby and by the subse-

quently paid taxes be removed, and for general equitable relief. The defendants admitted in their answer that the county treasurer had been correctly named in the petition; that the lot in question had been sold to Grant & Grant; that said firm of Grant & Grant had paid taxes, as in the petition had been alleged, and that notice of the application for the treasurer's deed on said purchase had been given as plaintiff in her petition had alleged. There was in effect a denial of the allegations of the petition not above admitted.

In the decree from which this appeal has been prosecuted there was the following language: "It being unnecessary, in the court's opinion, to a proper decision of the case, no finding is made on the question as to said premises being church property and exempt from taxation during the years 1864, 1866, and 1867, and the court does not determine the same." In respect to appellants' rights as to all the taxes outside the paving and guttering tax we shall follow the line pursued by the district court, and shall consider the case as though the only rights involved were such as depend directly upon the paving and guttering tax.

In the course of the trial in the district court there was by the appellants offered in evidence the county treasurer's certificate showing the sale of the aforesaid lot on July 16, 1890, to Grant & Grant, for $422.51, the amount of a paving and guttering tax. By the appellee there was offered in evidence the following record:

"GILBERT C. MONELL  ⎫
　　　v.　　　　　⎬ Decree.
WILLIAM F. HEINS ET AL. ⎭

"Now come the parties herein by their attor-

neys, and thereupon this cause came on for hearing on the pleadings and evidence and was submitted to the court, on consideration whereof, and all parties consenting thereto, the court do find on the issue joined for the plaintiff and that the plaintiff is entitled to the relief prayed for. It is therefore considered and decreed that the defendants be, and they hereby are, perpetually and forever enjoined from, in any manner, collecting the curb and gutter tax levied on lot 6, block 106, in the city of Omaha, Douglas County, Nebraska. It is further considered that the plaintiff recover from the defendant his costs herein expended, taxed at $——.''

There is neither in this decree, nor in any evidence offered in connection with it, any indication of its date. As this action, upon the theory of the appellee, was only maintainable upon the theory that the enforcement of the paving and guttering tax having been enjoined, the said tax no more justified a sale of the lot than though such paving and guttering tax had never existed, it devolved upon the party relying upon the decree to show that the sale called in question had been made, notwithstanding the fact that this decree was then in existence. No presumption of the performance by the county treasurer of his duty can aid us in this matter, for the presumption that he would not have made a sale in violation of the decree is as strong as any other that can be invoked. It may be, as alleged in the petition, that this decree was entered on May, 1886, but this, with other averments, was put in issue by the answer, and, as has already been stated, there was no showing by proofs what in fact was the date of this decree. There was in evidence, as we have

seen, a certificate showing the sale for the satisfaction of this paving and guttering tax, and this was not met by proof that at the time of this sale there was in existence a decree that forbade it, and against its validity no other defense has been pleaded. The judgment of the district court is therefore

REVERSED.

IRVINE, C., not sitting.